Requestor: Herbert A. Kline, Esq., Town Attorney Town of Colesville P.O. Box 1864 Binghamton, New York 13902
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve simultaneously as a member of a town board and as an employee of the town highway department.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
You have informed us that the person involved is a laborer in the highway department. The town superintendent of highways has responsibility to employ persons necessary for the maintenance and repair of town highways and bridges, subject to the approval of the town board, and is responsible for the supervision of these laborers. Highway Law §140(4). The employment of these persons must be within appropriations for the department established by the town board. Ibid.
In our view, the town board member, as a laborer in the highway department, would have a direct interest in the budget of the highway department and, therefore, would have a conflict in deliberating on the town budget. That budget would determine appropriations for his own salary and for his fellow employees in the highway department. Additionally, in that the superintendent of highways is his direct supervisor in the highway department, the town board member, at least subconsciously, might feel some pressure to act positively with respect to the superintendent of highways' budget request. See, Mtr. of Zagoreosv Conklin, 109 A.D.2d 281, 287-288 (2d Dept 1985). The town board, in deliberating on the town budget, must allocate limited town resources among the various departments of town government taking into consideration the overall public interest. In our view, a town board member also serving as an employee of the town highway department would be unable impartially to undertake this responsibility. Government officials must perform their duties solely in the public interest. Even the appearance of impropriety must be avoided in order to maintain public confidence in government. In that this conflict of duties would effect the entire town budgetary process, recusal is not an appropriate remedy. The budgetary process is a significant part of the town board's duties and, therefore, a member must be able to participate. Thus, the duties of the two positions are incompatible.
We note that under some circumstances a town board, in determining public policy on behalf of the town, by local law may supersede the common law doctrine of compatibility of office. 1984 Op Atty Gen (Inf) 84. For example, in a small municipality where a particular expertise is needed and others are not available to perform these duties, a municipality might consider enacting a local law to permit a person to hold incompatible positions. Under these circumstances, it is necessary to balance the extent of the conflict with the need to employ a person possessing the required expertise and determine whether such local law would be in the overall public interest. It is necessary that your town board make this determination in light of the availability of other persons to perform the duties of this position in the town highway department.
We conclude that a member of a town board may not also serve as an employee in the town highway department.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.